UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SATISH DAT BEAST "also known as" (aka) GO GO SATISH (Former CEO of Alex Garcia Enterprises, Inc. (AGE)) as a Startup record label with Its Principal Place of Business (ppb) in Providence, Rhode Island Upon the 2013 Filing of Articles of Incorporation with Rhode Island Secretary of State A. Ralph Mollis Declaring 20,000 Shares of Common Stock at $10.00 Par Value Which Would Had a Stated Capital If and Only If (iff) There was the Issuance and Subscription of Stock in Over-The-Counter Markets (OTC) Regulated by State Blue Sky Laws and Uniform Securities Act of 1956,<br><br>　　　Plaintiffs,<br><br>v.<br><br>SABRINA CARPENTER as Grammy-Award Winning Recording Artist, The Grammys/Recording Academy, Justice Ketanji Brown-Jackson, Lady Gaga, Vivendi Universal Music Group (UMG), RCA, Comcast, Recording Industry Association of America (RIAA), Cary Sherman,<br><br>　　　Defendants. | Case No. 1:26-cv-00388-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

The Plaintiffs in this case are actually all one man the Court will refer to as Satish.

Before the Court is Satish's Complaint (Dkt. 2), Application for Leave to Proceed in Forma

Pauperis (Dkt. 1), and Notice of Interlocutory Appeal (Dkt. 4).

MEMORANDUM DECISION AND ORDER – 1

Under 28 U.S.C. § 1915, the Court must review Satish's request to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho. Dec. 6, 2013). The Court must also undertake an initial review of Satish's Complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2).

For the reasons explained below, Satish's Application for Leave to Proceed in Forma Pauperis is DENIED as MOOT. Satish's Complaint is DISMISSED without leave to amend. Satish's Notice of Interlocutory Appeal is ineffective as no judgment has been entered in this case prior to the notice being filed; the Court will not address this notice further.

## II. BACKGROUND

Satish is a musician and serial litigant who has filed frivolous complaints for over a decade across the entire United States. *See, e.g., Emrit v. Cheap-O-Air*, 2013 WL 12113179 (D. Md. Apr. 1, 2013), *aff'd,* 533 F. App'x 347 (4th Cir. 2013*); Emrit v. Marion Cnty. Hous. Auth. (MCHA)*, 2017 WL 743882 (D. Or. Feb. 23, 2017); *Emrit v. Sec'y of State, Rhode Island*, 2017 WL 3209232 (D.R.I. Feb. 27, 2017); *Emrit v. Progressive Ins. Co.*, 2024 WL 436385 (N.D. Fla. Jan. 11, 2024), *report and recommendation adopted*, 2024 WL 420143 (N.D. Fla. Feb. 5, 2024), *appeal dismissed*, 2024 WL 3664060 (11th Cir. Mar. 4, 2024).[1]

---

[1] This is but a handful of the hundreds of cases and appeals Satish has filed over the years in various states. Additional cases are cited later in this decision.

MEMORANDUM DECISION AND ORDER – 2

This case follows the trend of Satish's other cases as the Complaint is nearly incomprehensible. In his Complaint, Satish requests five hundred billion dollars in damages from, and an injunction or declaratory judgment against, various defendants[2] for various alleged torts committed against him.[3] It is unclear how any of the facts Satish alleges in his Complaint relate to any legitimate legal cause of action, but the gist is that he seeks legal and equitable remedies against the Defendants for various torts against him.

### III. LEGAL STANDARD

#### A.  Application to Proceed In Forma Pauperis

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets she possesses and indicates that she is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of her poverty, cannot "pay or give security for the costs" and still be able to provide for herself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v.*

---

[2] The Defendants include seemingly unrelated individuals and entities such as Sabrina Carpenter, The Grammy Awards, Comcast, Supreme Court Justice Ketanji Brown-Jackson, Lady Gaga, Vivendi Universal/Universal Music Group, NBC Universal, General Electric, the Recording Industry Association of America, and an individual named Cary Sherman.

[3] Satish's tort claims nominally include public nuisance, industrial espionage, and tortious interference with business relations or contracts, though his Complaint hardly makes clear what conduct by which Defendant gives rise to any of the claims.

*McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation modified) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

## B. Sufficiency of Complaint

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)). The plaintiff cannot simply recite the elements of a cause of action and try to support that recitation with mere conclusory statements. *Id.* at 678.

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## IV. DISCUSSION

### A. Application to Proceed In Forma Pauperis

The Court has examined Satish's application to proceed in forma pauperis and finds it does not establish his indigence. Satish lists his monthly income as $1,036.00, and his monthly expenses as $790.00. Dkt. 1, at 2, 4. Moreover, $100 of Satish's monthly expenses are spent on recreation, entertainment, newspapers, magazines, etc. *Id.* at 3. In short, Satish has approximately $346 in discretionary income each month. Satish also has $357.30 in a checking account. *Id.* at 2. Thus, the Court determines Satish is not indigent and cannot proceed without pre-payment of the filing fee. However, as explained below, Satish's Complaint is DISMISSED, so the Application to Proceed In Forma Pauperis is DENIED as MOOT and no filing fee will be required.

### B. Sufficiency of Complaint

Satish's Complaint cannot survive even the low bar of the initial analysis under the first two prongs of 28 U.S.C. § 1915(e)(2): (1) the Complaint is frivolous or malicious; and (2) the Complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii).

Regarding the first prong, Satish's Complaint is patently frivolous. It is difficult to understand what, if anything, he is alleging. His Complaint contains few facts or cognizable theories, and the majority of the Complaint is comprised of incoherent and conspiratorial rambling. What Satish does allege in his Complaint is nothing short of "fantastical" and in no way makes clear what his legal theory is. He claims to have been wronged by the music industry at large (via the Grammy Awards, Sabrina Carpenter, and Lady Gaga, among

MEMORANDUM DECISION AND ORDER – 5

others) because it competes against "internet-based music business[es]" like Ditto Music, the online self-distribution platform he uses to publish his music. These allegations cannot withstand scrutiny. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989) (noting a complaint is frivolous if its factual allegations are "clearly baseless," "fantastic," or "delusional); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1061 (9th Cir. 2007) (noting that a plaintiff "may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false").

Beyond the senseless claims presented in the Complaint, Satish is a serial litigant, who has filed substantially similar complaints as his complaint here as well as dozens of other cases in a variety of districts. *See Emrit v. Obama*, 2026 WL 1021173, at *1 (D.S.D. Apr. 15, 2026) (collecting cases). The Court agrees with the opinions of those courts which reached the same conclusion: Satish's Complaint is frivolous, and it is absolutely clear that no amendment will cure the defects,[4] so the Complaint must be DISMISSED without leave to amend.

## V. CONCLUSION

Satish's application to proceed in forma pauperis does not establish his indigency; even so, the application is MOOT because the Complaint is DISMISSED without leave to Amend. Satish's Complaint is incurably insufficient, and this case must be closed.

---

[4] This Court has already dismissed two other cases Satish filed without leave to amend due to their frivolity. *See Beast v. Snoop Doggy Dogg*, 2026 WL 811668 (D. Idaho Mar. 24, 2026); *Presidential Candidate No. P60005535 v. Obama*, 2026 WL 1362185 (D. Idaho May 15, 2026). As such, if Satish files another frivolous lawsuit in the future, the Court may deem him a vexatious litigant and issue a pre-screening Order.

# VI. ORDER

Therefore, the Court **HEREBY ORDERS**:

1. Satish's Application for Leave to Proceed in Forma Pauperis (Dkt. 1) is DENIED as MOOT.

2. After an initial review of the Complaint, the Court will not allow Satish to proceed with his claims against Defendants. Satish's Complaint is DISMISSED without leave to amend.

3. The case is CLOSED.

DATED: July 23, 2026

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER – 7